### In re KING.

County Judge's Court, Palm Beach County.

November 12, 1954.

Harry W. Steward and Kenneth I. Van der Hulse, both of West Palm Beach, for petitioners.

J. Stockton Bryan, Jr., West Palm Beach, for respondent.

RICHARD P. ROBBINS, County Judge.

This cause came on before me on an order to show cause why W. B. King has taken and holds custody of the incompetent, Hattie B. King, contrary to the order of this court entered February 23, 1954 appointing Thomas B. King guardian of her person and property. The evidence taken before the court and the records filed in this proceeding disclose that W. B. King is the husband of the incompetent and Thomas B. King her son.

On January 29, 1954 a petition was presented to the court in an inquisition of incompetency signed by Thomas B. King, Mrs. C. B. Joyner, a daughter, and Mrs. Edna Earl King, as provided in section 394.20, Florida Statutes 1953. Notice based on the petition was duly issued, directed to the incompetent, Thomas B. King, Mrs. C. B. Joyner and Mrs. Charles Hezlett, as members of the family of the incompetent. The notice was served on February 1, 1954 on Hattie M. King, Thomas B. King and Mrs. C. B. Joyner.

It is to be noted at this point that paragraph 3 of section 394.20 provides among other things that—"Every petition . . . shall name all the members of [the incompetent's] . . . family with their addresses, if known to petitioner."

The name W. B. King, husband of the incompetent, does not appear anywhere in the petition, although evidence taken at the hearing shows that he was within the jurisdiction of the court at the time it was filed—and this fact was known to the petitioners. Notice of the incompetency proceeding was not served on him.

On February 23, 1954, contemporaneously with the entry of the order of incompetency, Robert D. King, Mrs. C. B. Joyner and Thomas B. King filed a petition for the appointment of a guardian of the person and property of Hattie M. King. While W. B. King is mentioned in this petition as the husband of the incompetent, notice was not served on him because of the provision in paragraph 2 of section 744.33, Florida Statutes 1953, that when the petition alleges the respondent has been adjudicated to be incompetent the county judge shall hear the same without notice if it is filed at the conclusion of the hearing in which such person was so adjudicated.

It has been argued before the court that there has been compliance with all the applicable statutes with regard to notice and

that the court's discretion in the selection of a guardian should not now be interfered with. This may be true but I cannot escape the conclusion that the correlation of the two statutory proceedings heretofore mentioned, together with the failure to name the husband as a member of the family in the first petition presented has resulted in depriving the respondent of one of the most cherished possessions of mankind—the affection and companionship existing in the relationship of husband and wife, who, as stated by Mr. Justice Chapman of our Supreme Court unconsciously depend on each other during the changing vicissitudes of life, and this was done without due process of law.

There is a conflict in the testimony as to whether he actually knew of the proceedings. He testified that he did not and the records fail to show that he did.

The petition for the order to show cause is dismissed and the order issued thereon is quashed.